Brevard, J.
delivered the opinion of the whole court.
The determination of the principal points in this case, depends or£ the true construction of the 10th section of the county court act of 1785, respecting bail, which relates to all the courts of law, “whether of supreme or inferior jurisdiction.” P. L. 369. The demhvref brings before the court two questions on the bankrupt law of Con.' gress, which are not necessary to he discussed and deeided, be-' Cause there is a much easier and shorter route to the decision of the demurrer. It is a well settled and’ convenient rule of law,- that on a deraiirrei' the court will examine the record, to see who has committed the first fault, in pleading, and will give judgment against the first fault; 2 Wils. 100. 1 Str. 299. 1 Bos. & Pul. 411, 413.
In this case the -plaintiff has committed the first fault: for first, hé has founded his scire facias on the bail bond, without stating any default of appearance of the principal, or any judgment against him ; and secondly, he has, in stating the condition of the bail bond, shewn that it is an illegal and void bond,- and that no action Can be maintained thereon.
To understand the clause of the county court act in question, we must take iulo consideration the preamble or introductory part thereof, and bear in mind that bail to the sheriff, is the kind of bail, and the only kind of bail in contemplation ; and tha',the clause was inserted for the-benefit and relief of such bail.-
*410 All the perplexity and difficulty which has occurred in the construe* tion of the section of the act in question, must have arisen from confounding the different species of bail, and from a misapprehension, or misapplication of the terms “ common bul,” and “ special bail,” which aj,e use(j jn n. |f vve attend to the whole scope and design of the clause under consideration, it must be evident, that no other kind of bail, than bail to the sheriff, was intended to be benefited or af. fected by it: and therefore, all the doctrine and book cases insisted on in the argument, which have relation to other species of bail, can have no application or effect in the present case. The mischief or inconvenience against which the act intended to protect the bail to the sheriff, which bail are denominated “common bail,” ia set forth in the introductory part of the clause under consideration, in these words: “And whereas heretofore it hath been the law of this State, that upon the return of writs of capias ad respondendum where the defendant, or defendants, maketh default of appearance, to suffer the plaintiff to suspend the proceed, ings against such defendant, or defendants, aud commence original actions against the bail,, whereby the costs have been greatly and unnecessarily increased, and the defendant aggrieved; for remedy thereof,” &o. In such cases ihe bail ha-/ no relief, nor any recourse to the principal, until after a recovery against, them on the bail bond. And if the principal made default of appearance, the bail were at all events liable, and could not be discharged by surrendering the body of their principal. The remedy provided by the act is in these words: ‘‘ Be it enacted, that where any writ shall issue from any court within this State, whether of supreme or inferior jurisdiction, and the defendant shall give bail for his appearance. and shall make default, the suit shall be prosecuted to ju 'gme 't and execution agaiu-a such defendant, before any proceedings shall be hud against the common bail: and if the sheriff shall return upon the execution that the di teudant is not to be found, or hath no effects whereon to levy the debt and costs, then the plaintiff may sue forth a scire facias against such bail, to shew cause why execution for the judgment and costs, should not issue against him or them ; and on such sci. fa being,returned executed, judgment shall be entered up against such bail, and execution get forth as against the origi-al defendantThis remedy protects the bail from suits on the bail bond, such as might be prosecuted before the act, instantly on the default of the principal; and. requires of the plaintiff', before he can resort to the bail, to pursue the defendant to judgment and execution. After the return of the ex© *411 Cution against the principal, either a non est inventus to a ca. sa., or nulla bona to a fi. fa., and not before, the plaintiff is at liberty to resort to the bad for the debt and co- ts recovered against the principal, and may sue forth a sci. fa. «gainst such bail. There is nothing in the act, which can be construed to take away the plain, tiff’s right of action on the bail bond as before the act. but only to suspend it; but the act has, in cases where Ins right has been so suspended until alter the return of execution against the principal, given him a more speedy and effectual remedy for obtaining satis, faction from the bail, by way of sci. fa. against the bail, “ to shew cause why execution should not issue against him or them, for the judgment and' costs.” Beiore the act, the bail were liable upon •default of appearance of their principal,. for the amount of the debt, or damages, and cesis, recoverable of the principal by an ori. ginal action on the bail bond : since the act, the bail are liable to the same extent, and no further, for the default of the principal, by a sci. fa. on the judgment. But. the act gives a further advantage to the bail, which they had not before. In a subsequent part of the clause in question, it is provided, “that nothing therein contained shall be construed to deprive (he common bail, in such action, from appearing and entering himself special bail, at any time before judgment in such action shall be signed.” Before the act, the bail to the sheriff liad no suon privilege. At the return of the writ, they might put in bail above or bail to the action, but not afterwards. This provision alio ws them to become special bail at any time before the judgment is sigued.and intitle themselves to surrender the body of their' principal in their own discharge, by entering themselves special bail.
In this case it is not stated that the principal made default, which is the gist of the action against the bail. “ Default of appearance,” which is the expression used in the act, must be understood in a legal and technical sense, and taken to meau a neglect or failure of the principal to appear at the return of the writ against him, and to put in bail to the action, or bail above. 3 Bl. Com. 290. The term “ common bail” is used in several places in the act to signify bail to the sheriff, or bail below, in coutradis. tinction to special bail, or bail above, or bail to the action ; and cannot be construed to .denote that fictitious sort of bail so called ig England.
The proceedings in this case do not recite or sufficiently state the recovery against the principal. A scire facias is in its nature a continuation'of some former proceedings, in which judgment has been rendered, or some debt acknowledged, and ought to pursue *412 the terms of the original judgment, or recognizance. The judg? Ment a§0‘nst ^)e principal should have been clearly and certainly se*; f°rth *n terrns thereof, as well as the bail bond : and it ought to have been alleged that the principal “ made default of ap. 6 . „ . . .6 . ,, „ , . ... ' nf pear anee, for it is for this that the bail are answerable. I he common bail by the act may beeotne special bail, and intitle themselves to surrender. In this case it does not appear by the pleadings, whether they have done so, or not. If they have not, they were fixed for the debt, or damages and costs, from the time the judgment was signed. If they haye, they could not be fixed untij after the return of a pa. sa. against the principal. See 1 Com. Dig. 695. 1 Str. 511. 2 Sellon, 55. Bdt the plaintiff might dispense with bail above; and if he waived his right thereto, the bail are discharged. The acceptance of a plea is a waiver of bail. Here it is said that the plaintiff accepted the defendant’s plea, and tOolt issue thereon, whi,ch he cpuld not do without acknowledging the appearance of the defendant in court, and his capacity to plead. See 1 Sellon, 228, Barnes 92.
It has. been argued in arrest of judgment, that the bail bond in tbiis case, being conditioned formore than the appearance of the party, is void by the stat. 23 Hen. 6, c. 9, P. L. App. 8. To which it has been ahswered, that by operation of the act of 1785, the bail to the sheriff, after default of the principal, are liable as special bail; and therefore thttt the alternative condition expressed in the bond, be, jngno more than what in legal construction would otherwise bp implied, the bond is good, although contrary to the stat. 23 Hen. 6, being pursuant to the apt of 178,5: ana also, that the stat. 23 Hen, 5 is not of force here.
At common law, the sheriff was not compellable to take bail of any ; but by the stat. 23 lien. 6, c. 9, the sheriff is bound to let to bail. This statute has always been considered of force here. It is expressly recognized by the stat, 13 Car. 2. st. 2, c. 2, § 2, which is made of force here, see P. L¡. 76, It is virtually recognized by the stat. 4 arid 5 Ann, P. L. 96 ; and also by the circuit court act of 1769, P. L. 270, 271. This stat. 23 Hen, 6, prescribes the Ipnd of obligation which the sheriff.shall take, and requires that it shall be made to the sheriff, by bis napie of office, and conditioned for the appearance of the defendant at the return of the writ: and it declares, that if the obligation be taken in a different form, it shall be void. This statute is considered as a pub. lie hetj notwithstanding doubts formerly to the contrary, and need not be speóially pleaded. 2 T. R. 569. Plowd. 64. See Dyer. 118 b, 1 T. R. 418. 4 T. R. 504. Doug. 97.
Cheves, for the defendant. W. Drayton, for the plaintiff.
The bail bond in the present ease is n.ot conformable in form or Substance, to either the st Uute, or the act of assembly. Li is not for the appearance only of the party, but also, that “if he shall be condemned in the action, he shall satisfy the condemnation and costs, or render himself in custody of the sheriff; or that the bail will pay the condemnation and costs for him.” This- obligation is ¡equal to a recognizance of special bail m the first instance, which ¡the sheriff is not authorized to take. If-the bond had been taken in proper form, the bail would be infilled to exoneration in cases, wherein he would not be infilled, if the bond,1 as it now stands, be Valid. Suppose the defendant in the original action had surrendered himself before the return of the writ? See 6 T. R. 753, 1 Bos. & Pul. 325. 7 T. R. 122. The condition of this bond would not have been fulfilled. Suppose the bail had before the return of ¡In writ, put in bail above, and surrendered the principal ? 8 T. 11. 456. This would not have been a compliance with the Condition. Spppose the defendant at the return of the writ appeared, and the plaintiff waived his demand of hail, or the defend¡ant gave other security ? The condition would not be answered.
We are of opinion, that on the demurrer the defendant is intitled to judgment; and that if he weie not, and judgment ought to be for .the plaintiff on the demurrer, yet that judgment ought to be stayed, as the sci. fa. on the face of it shews no sufficient legal right of the plaintiff to what he demands.
Present, Watiks, Tuesevant, and Bkevarp, Justices; Grim-SB, J. concurred.
Note. A sci. fa. to revive a judgment is the continuance of the suit, and jüust be brought in that county where the original action is laid. A sci. fa. -pgaii*} bail on .a ygcogmizanee, is the first proceeding. See 3 Sellop’s xTae. 53,